UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel G.C.,

      Plaintiff,

v.

Pamela Bondi, in her official capacity
as Attorney General of the United
States Kristi Noem, in her capacity as
Secretary of the United States Department
of Homeland Security; Todd M. Lyons, in
his official capacity as Acting Director of
the United States Immigration and Customs
Enforcement; and David Easterwood, in his
official capacity as Acting Director, St. Paul
Field Office, U.S. Immigration and Customs
Enforcement,

      Respondents.

ORDER ON PETITION FOR
WRIT OF HABEAS CORPUS
Civil No. 26-616 ADM/DTS

___

Graham Blair Ojala-Barbour, Esq., Ojala-Barbour Law Firm, PLLC, Saint Paul, MN, on behalf of Petitioner.

Trevor C. Brown, Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Federal Respondents Kristi Noem, Pamela Bondi, and Todd M. Lyons.

___

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Daniel G.C.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1].[1] For the reasons stated below, the Court grants Petitioner's habeas petition and orders Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a).

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only his first name and last initials.

## II. BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States in 2016 and has resided in this country since he entered. Pet. ¶¶ 3, 15, 46. He has not been convicted, charged with, or arrested for any crime. Id. ¶¶ 5, 47.

On January 23, 2026, Respondents took Petitioner into custody when he was going outside to warm up his car. Id. ¶ 1. He is currently in United States Immigration and Customs Enforcement ("ICE") custody at Fort Snelling in St. Paul, Minnesota. Id. ¶¶ 1, 10, 15, 48.

Petitioner filed this habeas action challenging his detention under 28 U.S.C. § 2241. He argues that he is entitled to immediate release or a bond hearing under 8 U.S.C § 1226(a). Id. ¶¶ 8-9. The Federal Respondents have submitted a Response [Docket No. 4] in opposition to the Petition, arguing that Petitioner is not eligible for a bond hearing because he is subject to mandatory detention under § 1225(b)(2).

## III. DISCUSSION

This is one of numerous recent habeas cases challenging the application of 8 U.S.C. §1225(b)(2) to noncitizens who are living in the United States after entering without inspection. Petitioner, who has been living in the United States since he entered the country more than nine years ago, argues that the mandatory detention provision of §1225(b)(2) does not apply and that his detention is instead governed by 8 U.S.C. § 1226(a).

This Court has recently held that § 1226(a) applies to noncitizens who are already in the country and are detained pending removal proceedings. See Abdul S. v. Shea, No. 26-CV-376 ADM/DTS (D. Minn. Jan. 23, 2025). An overwhelming majority of courts, including the only federal court of appeals to preliminarily consider the issue, have reached the same conclusion. See Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061-62 (7th Cir. 2025);

Barco Mercado v. Francis, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that the government's interpretation of §1225(b)(2) has been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States"); Andres R.E. v. Bondi, No. 25-CV-3946 NEB/DLM, 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases).

Federal Respondents raise several arguments for its position that § 1225(b)(2) applies to Petitioner.[2] The Court has considered Federal Respondents' arguments and finds them unpersuasive.

Accordingly, Court finds that Petitioner is not subject to mandatory detention under 1225(b)(2)(A). Petitioner's detention is governed by § 1226(a), and Petitioner is entitled to a bond hearing.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Daniel G.C.'s Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED** as follows:

1. The Court DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. §1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are ordered to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

3. If Respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, Petitioner must be immediately released from detention.

---

[2] Federal Respondents incorporate by reference the government's arguments raised in Avila v. Bondi, a case with similar legal and factual issues that is currently on appeal before the Eighth Circuit. Resp. at 1 (citing Avila v. Bondi, No. 25-3248 (8th Cir.)).

4. Within 10 days of the date of this Order, the parties must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for further litigation.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated: January 29, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE